**UNITED STATES, Appellee,**

v.

**Douglas SHYNE, et al., Defendants,**

**Naresh Pitambar, Defendant–Appellant.**

No. 08–1010–cr.

United States Court of Appeals, Second Circuit.

Sept. 10, 2008.

Dennis Kelleher, Kelleher & Dunne LLP, New York, NY, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Daniel W. Levy, E. Danya Perry, Katherine Polk Failla, Assistant United States

124

Attorneys, New York, NY, for Respondents.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. JED S. RAKOFF,* District Judge.

## SUMMARY ORDER

After a jury trial in the United States District Court for the Southern District of New York, Defendant–Appellant Naresh Pitambar was convicted of conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344 and 1349. Following his conviction, Pitambar moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29 and for a new trial under Federal Rule of Criminal Procedure 33; the district court denied both motions. We assume the parties' familiarity with the facts and procedural history of this case, and the issues presented on appeal.

This Court "review[s] *de novo* a district court's denial of a Rule 29 motion, applying the same standard [for] sufficiency [of the evidence] as the district court." *United States v. Florez*, 447 F.3d 145, 154 (2d Cir.2006). That standard imposes a heavy burden on the defendant, whose conviction must be affirmed if " 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *United States v. MacPherson*, 424 F.3d 183, 187 (2d Cir.2005) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

Pitambar contends that the evidence at trial did not support a finding that he knowingly engaged in a conspiracy to commit bank fraud or possessed specific intent to commit bank fraud. In this regard, Pitambar advances a series of arguments that are based on an apparent misapprehension of the government's burden of proof. First, he maintains that the government presented no testimony that he knew any of the other people who were depositing checks for Shyne. But on a conspiracy charge, the government is under no obligation to prove that the defendant knew the identities of all of the other co-conspirators. *United States v. Downing*, 297 F.3d 52, 57 (2d Cir.2002). Second, Pitambar maintains that because he deposited a check from RBC Centura, there was no evidence that he intended to victimize Wachovia Bank, the bank charged in the indictment. The government need not show that the defendant knew all of the details of the conspiracy, however, "so long as he knew its general nature and extent." *United States v. Rosa*, 17 F.3d 1531, 1543 (2d Cir.1994).

Pitambar also seems to misunderstand the district court's standard of review on a Rule 29 motion. Although the jury would have been within its power to draw inferences in favor of the defendant, when ruling on a Rule 29 motion, the district court is required to "view the evidence in its totality and in the light most favorable to the prosecution, mindful that the task of choosing among permissible competing inferences is for the jury, not a reviewing court." *Florez*, 447 F.3d at 154–55. Here, the government presented evidence of the suspicious circumstances surrounding the attempt to negotiate the check, Pitambar's contemporaneous invention of a false excuse to use in the event the check was dishonored, the fact that Shyne always had an explicit agreement with his co-conspirators, and Pitambar's discussion with Richardson about depositing another check on behalf of Shyne. Based on the evidence

* The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

presented, a rational trier of fact could have found beyond a reasonable doubt that Pitambar was guilty of conspiracy to commit bank fraud, and accordingly, the district court did not err in denying Pitambar's Rule 29 motion.

Federal Rule of Criminal Procedure 33 permits a district court, upon motion by the defendant, to "vacate any judgment and grant a new trial if the interest of justice so requires." "We will not disturb the district court's findings of fact [on a Rule 33 motion] unless [they are] clearly erroneous, and we will not overturn the district court's decision except for an abuse of discretion." *United States v. Locascio*, 6 F.3d 924, 949 (2d Cir.1993).

Pitambar alleges that the government violated *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), by failing to provide information that could have been used to impeach Singh, specifically, information regarding her involvement in a separate case, *United States v. Bartee, et al.*, No. 06–cr–832, 2006 WL 5044671 (S.D.N.Y filed Sept. 20, 2006). Regardless of whether the government was aware of this information in time to be obligated to disclose it, the district court did not abuse its discretion in denying the Rule 33 motion. First, a *Brady* or *Giglio* violation warrants a new trial only if "the evidence . . . suppressed was material." *United States v. Payne*, 63 F.3d 1200, 1208 (2d Cir.1995). Evidence of Singh's involvement in producing two additional fraudulent checks was not material inasmuch as it was no more than "an additional basis on which to impeach a witness whose credibility ha[d] already been shown to be questionable." *Id.* at 1210. Second, a defendant seeking a new trial on the basis of non-disclosed evidence must show that such evidence is "noncumulative." *Locascio*, 6 F.3d at 949. The evidence at issue

here was cumulative of evidence submitted by the government and testified to by Singh at Pitambar's trial.

Contrary to Pitambar's assertion, Singh did not commit perjury at his trial. Singh pled guilty to an overarching conspiracy charge encompassing conduct from in or about December 2002 until in or about August 2005, alleging that she produced various fraudulent checks with Shyne and others. The two *Bartee* checks at issue fall squarely within this description and this time frame. In light of the fact that Singh was not asked whether she pled guilty to separate substantive counts related to her involvement in the two fraudulent checks referenced in the *Bartee* indictment, and the further fact that she could have reasonably believed that her guilty plea on the conspiracy charge encompassed the *Bartee* checks, her testimony that she "pled guilty to all of them" did not constitute perjury. Thus, the district court did not abuse its discretion in failing to grant Pitambar's Rule 33 motion on this basis.

Accordingly, the judgment of the district court is hereby AFFIRMED.